[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: DECEMBER 5, 1997 DATE OF APPLICATION: DECEMBER 22, 1997 DATE OF DECISION: OCTOBER 23, 2001
Application for REVEW OF SENTENCE imposed by the Superior Court, Judicial District of New Haven, Docket No. CR96-438438. CT Page 15941-bz
Timothy P. Aspinwall, Esq. Counsel for Petitioner.
Robert O'Brien, Esq. Assistant State's Attorney, Counsel for State.
SENTENCE AFFIRMED.
 BY THE DIVISION
The petitioner was convicted by jury trial of the crimes of Robbery in the First Degree, Conspiracy to Commit Robbery in the First Degree and Larceny in the Second Degree. The petitioner was also convicted of the commission of a Class A, B or C felony with a firearm (pursuant to CGS § 53-202k) which provides for a mandatory 5 year sentence consecutive to any term of imprisonment imposed for conviction of the underlying felony.
The trial court imposed a net effective sentence of 25 years consecutive to any term the petitioner was serving at the time of the sentencing. It is this sentence petitioners seeks to have reviewed.
The factual basis for the conviction involves the armed robbery of an individual using a pay phone on the city street. The petitioner and an associate (Robinson), both armed approached the victim. The petitioner held a gun to the individuals head and both searched the victim's pockets and took property.
The petitioner and Robinson then took the victim's automobile with the petitioner at the wheel. The police were alerted, spotted the suspect vehicle and a chase ensued at speeds greater than 100 M.P.H. The vehicle petitioner was operating "spun out at the bottom of an exit ramp" and the petitioner and Robinson fled on foot. Robinson fired shots at police. The petitioner was captured after a foot chase.
Before the Division counsel for the petitioner emphasized that during pre-trial negotiations the petitioner was willing to co-operate with authorities. That a pre-trial offer was made to the petitioner which petitioner rejected. Counsel characterized the rejection as "a very bad CT Page 15941-ca decision." The petitioner went to trial and was sentenced in the manner hereinabove indicated.
Counsel indicated that Robinson, the co-defendant, received a substantially lower sentence than that of the petitioner.
This Court cannot, under these circumstances, engage in comparing sentences among co-defendants. Too many variables exist many of which the Division has no knowledge. It is noteworthy, however, that the pretrial offer to Robinson was more than double the pre-trial offer made to the defendant, reflecting the aggravating factor attributable to Robinson of firing at the police. Robinson accepted the offer. The petitioner rejected his lesser offer.
The facts of the case are very serious and involve the use of a firearm by the petitioner. Petitioner's criminal history reflects felony convictions (one for which the petitioner was on probation at the time of this offense) and multiple violation of probation proceedings. Previous periods of incarceration and probation had no effect on the petitioner's subsequent behavior.
The sentencing court explicitly imposed sentence "for the conduct of which (the petitioner) was found guilty. And the (petitioner's) conduct for which he was found guilty was very serious, dangerous, and a threat to the life of the victim. . . ."
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate. CT Page 15941-cb
The sentence is AFFIRMED.
Miano, J. Klaczak, J. Norko, J.
Miano, J., Klaczak, J., and Norko, J., participated in this decision.